**KSLA–TV, INC., Plaintiff-Appellant,**

v.

**RADIO CORPORATION OF AMERICA and Stainless, Inc., Defendants-Appellees.**

No. 83–4600
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 21, 1984.

Rehearing Denied July 6, 1984.

---

McGlinchey, Stafford, Mintz, Cellini & Lang, C.G. Norwood, Jr., B. Franklin Martin, III, Marie A. Moore, New Orleans, La., for plaintiff-appellant.

Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., Ethel H. Cohen, New Orleans, La., for Stainless.

Bodenheimer, Jones, Klotz & Simmons, G.M. Bodenheimer, Shreveport, La., for RCA, Zurich and Home.

Blue, Williams & Buckley, E. Ross Buckley, Jr., Metairie, La., for Paxton.

Adams & Reese, Robert B. Nolan, New Orleans, La., for Lexington.

Alex F. Smith, Jr., Kim Hanson LaVigne, Shreveport, La., for Bethlehem Steel Corp.

Before GEE, POLITZ, and JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order granting summary judgment for defendants. Finding that plaintiff's claim is barred by a Louisiana peremptive [1] statute, we affirm.

KSLA–TV, Inc. ("KSLA"), a television station serving Shreveport, Louisiana, brought this action to recover damages that resulted from the collapse of its 1,709

---

1. We follow the spelling of this term used by the Louisiana courts. *E.g., Pounds v. Schori,* 377 So.2d 1195, 1198 (La.1979).

foot television broadcast tower in October 1977. KSLA sought recovery from RCA, Inc., the company from which the tower had been purchased, and Stainless, Inc., the subcontractor that manufactured and erected the tower.[2]

When discovery was completed, Stainless moved for summary judgment arguing that La.Rev.Stat.Ann. § 9:2772 (West Supp. 1984) barred KSLA's action. The district court granted Stainless's motion, 501 F.Supp. 891, and later granted similar motions by RCA and its insurers. On appeal, we affirmed the judgment in part, but remanded for reconsideration of two issues raised by KSLA that the trial court did not specifically address. 693 F.2d 544. These issues are:

> (1) whether § 2772 can be invoked against one who fraudulently conceals defects in his product; and

> (2) whether § 2772 applies to negligence for failure to warn when the duty to warn arises from subsequently obtained knowledge.

*Id.* at 546.

Section 2772(A) provides that "[n]o action ... to recover damages shall be brought ... against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property ... [m]ore than ten years after the date of registry in the mortgage office of acceptance of the work by owner." It is agreed that the television tower was built, and the work was accepted, more than ten years prior to the time this action was filed.

KSLA argues that the limitations period in § 2772 is tolled by fraudulent concealment of defects. KSLA notes that prescriptive periods are suspended under the doctrine of *contra non valentem agere non currit prescriptio;* periods of limitation are tolled where a defendant has "knowingly concealed information from a

plaintiff or [has] through his own conduct misled or lulled the plaintiff into inaction." *McClendon v. State,* 357 So.2d 1218, 1221 (La.App.1978).

■ Section 2772 is, however, a statute of peremption. There is a major distinction between a statute of limitations (prescription) and one of peremption. Prescription "bars the remedy sought to be enforced and terminates the right of access to the courts for enforcement of the existing right." *Pounds v. Schori,* 377 So.2d 1195, 1198 (La.1979). A peremptive statute, on the other hand, totally destroys the previously existing right so that, upon expiration of the statutory period, a cause of action or substantive right no longer exists to be enforced. *Id.; Tharpe & Brooks, Inc. v. Arnott Corp.,* 406 So.2d 1, 5 (La. App.1981).

Peremption cannot be interrupted or suspended. *Flowers, Inc. v. Rausch,* 364 So.2d 928, 931 (La.1978); *Succession of Pizzillo,* 223 La. 328, 65 So.2d 783, 786 (1953). *See also Lege v. Vermilion Parish School Board,* 360 So.2d 664, 668 (La.App. 1978) ("[t]here can be no—repeat, no—interference with the running of time") (emphasis omitted). Peremptive periods "are not subject to the disabilities and excuses through which the effect of ordinary statutes of limitation may be avoided, nor, it seems, can they be evaded even by proof of fraud." *Carpenter v. Cox,* 186 So. 863, 865 (La.App.1938). Thus, the ten year period in § 2772 is not tolled by allegations of fraud.

■ KSLA also maintains that § 2772 does not apply to actions for negligent failure to warn, where the duty to warn arises from knowledge obtained subsequent to the completion of construction. Section 2772, by its terms, applies to all actions "[f]or any deficiency ... in the design, planning, inspection or observation of construction, or in the construction of any

---

**2.** By subsequent amendments to the complaint, KSLA added as defendants Paxton National Insurance Company, Lexington Insurance Company, Zurich Insurance Company, and Home Insurance Company, alleging that they insured RCA or Stainless against the claims asserted by KSLA.

improvement to immovable property...." La.Rev.Stat.Ann. § 9:2772(B)(1) (West Supp.1984). Clearly, failure to warn of a danger arising from the design or construction of the tower, whether knowledge of the danger was obtained subsequently or not, would fall within the statute.

 To avoid the statutory bar, KSLA alleges that RCA and Stainless failed to warn of a danger that did *not* result from defective design or construction. To prove a claim of negligent failure to warn, however, a plaintiff must demonstrate a *duty* to warn. *Cf. Callais v. Allstate Insurance Co.*, 334 So.2d 692, 700 (La.1976) (on rehearing) (negligence is "the breach of a duty ... owed to another to protect that person from the particular harm that ensued"). KSLA does not allege that defendants altered the tower after its construction, nor does it allege any facts demonstrating a duty on the part of defendants to warn KSLA of a dangerous condition created by none of them. Consequently, the allegations simply do not make out a case of negligence in failing to warn.

Thus, finding all contentions on appeal to be without merit, we affirm.

AFFIRMED.