DUFRESNE, Judge.
The plaintiffs, Bunge Corporation and its insurers appeal the trial court’s decision granting a summary judgment, dismissing its actions against GATX Corporation.
Bunge filed suit on January 7, 1983, against GATX for property and business damages which occurred as a result of the January 11, 1982 rupture of a grain storage tank containing approximately 1.7 million bushels of wheat. The tank was constructed by GATX, and accepted and occupied by Bunge during or before 1969. Bunge alleged in part that the tank was defective in design and/or construction in that it was likely to “rupture or fail when exposed to changes in ambient temperature”. Bunge further alleged that GATX either knew of the defect at the time of construction or acquired such knowledge subsequent to completion and failed to inform Bunge.
On January 2,1986, GATX filed a motion for summary judgment, arguing that Bunge’s suit was barred by LSA-R.S. 9:2772. A hearing was held on January 16, 1986 and the matter was continued pending a decision in Tenneco Oil-Co. v. Chicago Bridge and Iron Co., 495 So.2d 1317 on rehearing (La.App. 4th Cir.1986) writ denied, 497 So.2d 1015 (La.1986). A second hearing on GATX’s motion for summary judgment was held on October 11, 1988. Judgment was rendered on November 16, 1988, in favor of GATX, dismissing Bunge’s suit on the grounds that it was perempted by operation of La.R.S. 9:2772. This appeal followed. Bunge asserts that the ten year peremptive period of La.R.S. 9:2772, for actions against contractors for defects in design or construction of immov-ables does not apply when the contractor has knowledge of such defects, but fails to inform the owner of them, citing Tenneco, supra.
In Tenneco, a divided five judge panel held, on rehearing, that if a contractor learns of a defect in an immovable which he built, he has a duty to notify the owner of this defect, and further that an action arising from breach of this duty to warn is not perempted by operation of La.R.S. 2772. With all due respect to the majority in that case, we disagree with that holding and subscribe instead to the views expressed in that court’s original opinion and the dissent on rehearing.
The issue in Tenneco was whether the contractor’s alleged failure to warn the owner of certain dangerous uses of a gasoline storage tank was a cause of action to which La.R.S. 9:2772, applied. In its original opinion, the court reasoned that failure to provide instructions and warnings as to limitations and operating capabilities of an immovable is a defect in design. As such, the court concluded, any action arising out of that design defect was perempted by the ten year period of La.R.S. 9:2772.
In the present case, Bunge alleges that the tank was improperly designed by GATX in that it could not withstand changes in ambient temperature, and that GATX failed to provide warnings to this effect. The contract for the tank provided:
[I]t is further understood and agreed that [GATX] is responsible for the design of said tank and it warrants and represents that said tank will be so designed and constructed as to make it suitable and proper for the storage of grain which is its intended purpose.
The contract further specifies that the tank was to be built “at or in the vicinity of Destrehan, Louisiana”. Accepting Bunge’s allegation that the tank would fail in temperature changes as true, this would constitute a breach of warranty under the contract because GATX agreed to build a tank suitable for storing grain in the temperatures common to South Louisiana. Similarly, if GATX knew that the tank might fail in expected temperature changes, then its design was defective for the purpose of storing grain in the known climate. In either case, such a defect would constitute a breach of the contract for which an action would lie. It is also true that in either of these situations a delictual action might lie for negligence in the design and construction of the tank, as well as for negligence *816 in failing to warn Bunge of the design limitations, assuming they were known to GATX. We finally note that the majority in Tenneco, supra, specifically held that failure to warn was a negligent act giving rise to a delictual action, but nonetheless held that La.R.S. 9:2772, did not bar the action.
Article 9 (1988) (prior art. 13) of our Civil Code provides:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Paragraph A of La.R.S. 9:2772, states clearly and unambiguously that:
A. No action, whether ex contractu, ex delicto, or otherwise to recover on a contract or for damages shall be brought
(2) ... more than ten years after the improvement has been ... occupied by the owner.
Unlike the majority in Tenneco, supra, we decline to interpret this statute in a manner different from its clear meaning, which is to bar all actions in contract and tort after ten years.
Moreover, we find nothing absurd in the result we reach here. The statute at issue was held to be constitutional in Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978), a wrongful death case. There, it was alleged that the contractor was negligent in that it failed to include in its design and construction of an immovable sign warning users of a danger which it knew or should have known to exist, and further that such design and construction were in violation of recognized industry standards.
The court held, nonetheless, that the claim based on these allegations was subject to the ten year peremptive period of La.R.S. 9:2772. We find no pertinent distinction between the allegations in Bur-master, and those made in the present case in regard to failure to warn of a known defect in design. We therefore conclude that the claim brought by Bunge against GATX has been preempted through operation of La.R.S. 9:2772, by the passage of more than ten years between occupancy of the immovable by Bunge in 1969, and 1982, when the tank failed. See also KSLA-TV, Inc. v. Radio Corp. of America, 732 F.2d 441 (5th Cir.1984).
For the foregoing reasons, the judgment of the trial court dismissing this action by Bunge against GATX is affirmed.
AFFIRMED.