LOBRANO, Judge.
On December 4, 1987 Zaida B. Vazquez, individually and on behalf of her minor child, filed the instant lawsuit against Donald Pittman d/b/a Building Construction Company (Pittman), Anthony Gendusa, Edward M. Alba & Associates (Alba) and others, seeking damages for injuries to the minor as a result of her falling from the stands in Pan American Stadium in City Park. Pittman was the general contractor who assembled the stadium, Gendusa was the architect who specified the stadium, and Alba was the mechanical and electrical design engineer. Relying on the provisions of La.R.S. 9:2772, the trial court granted the exceptions of peremption and no cause of action filed by Pittman, Gendusa and Alba and dismissed plaintiffs suit as to those defendants. Plaintiff perfects this appeal.[1]
Construction on Pan American Stadium was completed, by Pittman and the work accepted by the City of New Orleans on March 23, 1973. On December 7, 1986 plaintiffs daughter fell from the stadium sustaining injuries. On December 4, 1987 this suit was filed.
As it pertains to Pittman, Gendusa and Alba, the original petition and the first three supplements, assert claims of improper design and construction. When confronted with the peremptive and no cause of action exceptions, plaintiff filed a fourth supplemental petition which asserts:
*1123 XIV.
“3. Alternatively, the stadium seating stands constructed by DONALD PITTMAN, D/B/A BUILDING CONSTRUCTION COMPANY (BCC) were not defective in its design, construction or installation but rather was purposely designed, constructed or installed with two foot-boards with a combined width of only 10⅞ inches. BCC learned that the 10Vs inch width of the two footboards was not in compliance with the existing manufacturer's codal interpretation and/or specifications during the period of time when the alleged accident occurred. BCC knew of the dangers of installing a foot-board with only a lOVs width and that the proper width of the footboards is the most important factor in reducing the potential for accidents on grandstands but failed to advise the owner of the aforesaid premises and/or others of the consequences of the construction or installation of two footboards with a width of only 10% inches in total.”
XIV-A.
“3. Alternatively, the stadium seating stands constructed, manufactured and/or designed by ANTHONY J. GENDUSA were not defective in their design, construction or installation but rather were purposely designed, constructed or installed with two footboards with a combined width of only 107/s inches. ANTHONY J. GENDUSA learned that the 107/a inch width of the two footboards was not in compliance with the existing manufacturer’s codal interpretation and/or specifications during the period of time when the alleged accident occurred. ANTHONY J. GENDUSA knew of the dangers of installing a footboard with only a 107/s width and that the proper width of the footboards is the most important factor in reducing the potential for accidents on grandstands but failed to advise the owner of the aforesaid premises and/or others of the consequences of the construction or installation of two footboards with a width of only 10% inches in total.”
Plaintiff argues that this fourth amending petition asserts a claim for “failure to warn” which is not perempted by R.S. 9:2772 citing Tenneco Oil Co. v. Chicago Bridge & Iron Co., 495 So.2d 1317 (La.App. 4th Cir.1986), writ denied 497 So.2d 1015 (1986).
Initially we note that there is no disagreement with respect to the time frame. More than ten years have elapsed since the acceptance of the work and plaintiffs accident. Thus, with respect to all allegations contained in plaintiffs original and first three amending petitions, they are clearly perempted by La.R.S. 9:2772. The issue for our determination is whether the allegations of the fourth amending petition, the “duty to warn” allegations, are also perempted.
As to Alba, there is no issue. The fourth supplemental petition does not name this defendant. Thus there are no “failure to warn” allegations as to him and therefore we affirm the dismissal of plaintiffs suit against Alba.
La.R.S. 9:2772 is a peremptive statute. After the expiration of ten years from the acceptance of the work by the owner, the statute prohibits any action, “whether ex contractu, ex delicto or otherwise” against a contractor, engineer or architect “for any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction of ... improvement to immovable property.” Upon expiration of a peremptive period, the cause or right of action is abolished. It ceases to exist. See, KSLA TV, Inc. v. Radio Corp. of America, 732 F.2d 441 (CA5, 1984), and the cases cited therein.
In Tenneco Oil Co., supra this court held:
“... a contractor who acquires knowledge of a danger inherent in the ordinary use of that which he constructed has a duty to warn, at the very least, the owner. He also has a duty to warn if he has knowledge that the owner’s actual use of that which he constructed creates a danger where the owner’s use would otherwise be considered normal.” Tenneco Oil Co., supra at 1326.
*1124 We further held that the contractor’s failure to warn the owner was not perempted by the provisions of R.S. 9:2772.
In the recent case of Bunge Corp. v. GATX Corp., 557 So.2d 1376 (La.1990), our Supreme Court affirmed and expanded this court’s position in Tenneco. In Bunge the owner of a grain storage tank sued the builder for damages as a result of an explosion. Included among the petition’s many allegations was the assertion that the contractor had knowledge of a hazardous condition and failed to warn the owner. The contractor pled the ten year peremptive period of R.S. 9:2772. The court held that a contractor who acquires knowledge of a defect in that which he constructs and fails to warn the owner is not protected by the peremptive provisions of the statute. The court equated the contractor’s silence in those instances with intentional misrepresentation and thus the fraud exception of the statute was applicable. See, La.R.S. 9:2772(H)(1). However, the court explained that the builder who, upon obtaining knowledge of the defect, does in fact warn the owner satisfies his duty, preserves his good faith and may benefit from the statute’s provisions after ten years. But if the contractor remains silent, the fraud exception is applicable and there is no peremptive period.
We are satisfied that Bunge has answered in the negative the question of whether R.S. 9:2772 encompasses a contractor’s duty to warn. It is clear that a builder cannot keep silent for ten years and be “rewarded” for his silence. We realize that in both Tenneco and Bunge the plaintiff was the owner of the improvement asserting the “duty to warn” claim against the contractor,[2] whereas in the instant case, plaintiff seeks to extend that duty beyond the contractor-owner relationship. Plaintiff is not the owner of the stadium, nor did she contract with Pittman to build it or with Gendusa to design it. Does the duty extend to her? For purposes of deciding the issue before us, we believe so.
Plaintiff's claim was dismissed on an exception of no cause of action predicated on R.S. 9:2772. Her fourth supplemental petition alleges that Pittman and Gendusa each knew of the defect and failed to warn the owner. Because of that failure, she claims she sustained injuries. Those allegations satisfy the exception of La.R.S. 9:2772(H)(1), and thus are not perempted by the statute. We do not, however, intend to suggest that the contractor or architect must warn everyone who uses the stadium of its defects, only that plaintiff’s assertions are not perempted. In order to prevail on the merits plaintiff must still satisfy the duty-risk requirements of a negligence action. She must prove that “but for” defendants’ failure to warn the owner, she would not have sustained the injuries.
For the reasons assigned, we affirm the trial court’s dismissal of Alba and Associates. We also affirm that portion of the trial court ruling which dismissed all of plaintiff’s claims against Pittman and Gen-dusa except those allegations in the fourth amending petition. As to those allegations, we reverse and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED

. Although the Code of Civil Procedure does not specifically provide for an exception of peremption, the proper relief when peremption is involved is an exception of no cause of action. Once a peremptive period expires, the existence of a cause of action ceases. La.C.C. Art. 3458. See, Davis v. Sewerage & Water Board, 469 So.2d 1144 (La.App. 4th Cir.1985).

. In Bunge, by direct suit; in Tenneco by third party demand.