### CITY PUBLIC SERVICE BOARD, Plaintiff,

### City of San Antonio, Acting By and Through its City Public Service Board, Appellant,

v.

### GENERAL ELECTRIC COMPANY, Defendant–Appellee.

### No. 90–5615.

United States Court of Appeals, Fifth Circuit.

July 9, 1991.

---

Cathy J. Sheehan, Jerry A. Gibson, Plunkett, Gibson & Allen, San Antonio, Tex., for appellant.

Ruth E. Greenfield, Thomas H. Crofts, Jr., C. Damon Ball, Groce, Locke & Hebdon, San Antonio, Tex., for defendant-appellee.

Before GOLDBERG, HIGGINBOTHAM and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The City of San Antonio appeals from a summary judgment granted to the defendant, General Electric Company. Finding the district court's disposition proper under Texas law, which governs this diversity case, we affirm.

## I.

In 1970, the City of San Antonio ("City") put into service a turbine generator manufactured and designed by General Electric Company ("GE"). Two years later, GE allegedly became aware that certain "tie-wire pins" were too weak to sustain the turbine's operation. Although GE periodically sent "updating technical information letters" to the City and other turbine owners, it never notified the City of the insufficient strength of the pins.

The City's turbine was overhauled with GE's assistance in 1981. Pursuant to a service contract, GE supervised the overhaul, performed certain inspections, and made some of the repairs. More than a year after the overhaul, the turbine failed causing rotor blade damage and economic loss allegedly totalling $3.6 million.

The City sued GE, claiming that the tie-wire pins caused the breakdown. The City sought damages for breach of warranty, strict products liability, and negligent failure to warn. GE filed a motion for summary judgment, urging that the City's claims were barred by the ten-year statute of repose. See Tex.Civ.Prac. & Rem.Code Ann. §§ 16.008 and 16.009 (Vernon 1986). While this motion was pending, the City sought to add a claim for breach of the implied warranty to repair goods in a workmanlike manner. The district court denied this request and granted GE's motion for summary judgment. This Court upheld the summary judgment, but remanded for further proceedings on the implied warranty claim.

On remand, the City urged that our disposition of its negligence claim was clearly erroneous and moved to reinstate the claim. The district court denied the motion. Subsequently, GE sought and obtained summary judgment on the implied warranty claim. The City appeals from both orders.

## II.

■ Summary judgments are reviewed *de novo* on appeal. *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). GE first contends that in this diversity case, the Texas district court's interpretation of Texas law should be reviewed under a more deferential standard. Based on a new Supreme Court decision, we disagree.

This Court has often held that a district court's interpretation of the law of the state in which it sits is entitled to "special deference" on appeal and will be reversed only if "obviously wrong." *See, e.g., Balliache v. Fru–Con Constr. Corp.*, 866 F.2d 798, 799 (5th Cir.1989); *Armstrong v. Farm Equip. Co.*, 742 F.2d 883, 886 (5th Cir.1984). The Supreme Court recently rejected this position, however, stating that the obligations of responsible appellate review "require that courts of appeals review the state-law determinations of district courts *de novo.*" *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1225, 113 L.Ed.2d 190 (1991). *Balliache, Armstrong,* and its predecessors are thus no longer authoritative. Under *Salve Regina College,* this court will undertake plenary review of the district court's interpretation of Texas law.

The City's warranty claim is premised on the Texas Supreme Court's decision in *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349 (Tex.1987) (*Melody Home II*). The plaintiffs in that case purchased a modular prefabricated home from Melody Home. Two years after moving into the home, the plaintiffs discovered that a sink was not properly connected to a drain in one of the interior walls. Melody Home employees worked on the sink twice, but their repair efforts proved unsuccessful and caused additional damage to the home. *Id.* at 351. In a narrowly drafted opinion on rehearing, the Texas Supreme Court held that "an implied warranty to repair or modify exist-

ing tangible goods or property in a good and workmanlike manner is available to consumers suing under the DTPA [Texas Deceptive Trade Practice Act]." [1]  *Id.* at 354.

The distinction between *Melody Home II* and the case *sub judice* is obvious. In *Melody Home II*, repairs were undertaken by the defendant *and* were not performed proficiently. The City makes no such allegation in this case. Indeed, it conceded at oral argument that the repairs actually undertaken by GE were performed in a proficient manner and were not the cause of the turbine's failure. The City nevertheless invokes *Melody Home II*, claiming that GE's failure to warn of the need to replace the tie-wire pins establishes a breach of the implied warranty.

The argument that a failure to warn constitutes a breach of warranty was rejected, however, in *Dallas Power & Light Co. v. Westinghouse*, 855 F.2d 203, 208 (5th Cir.1988) ("*DP & L*"). In that case, Westinghouse sold a turbine to a city utility company and agreed to provide "continued technical expertise in proper preventative maintenance and inspection." *Id.* at 204. Several years after the turbine was installed, Westinghouse discovered damage to the unit during a routine service inspection. *Id.* The utility company sued Westinghouse for negligent inspection and failure to warn. *Id.* at 206. After concluding that these claims were time-barred, this Court rejected the utility company's attempt to invoke *Melody Home II*, observing that a failure to warn does not "state a claim for breach of implied warranty to repair or modify in a good and workmanlike manner." *Id.* at 208.

The City seeks to distinguish *DP & L* on the ground that Westinghouse never undertook any repairs of the utility company's turbine, whereas in this case GE did undertake repairs. This argument is unpersuasive. Although the holding in *DP & L* was partly predicated on the utility company's failure to allege that any repairs were actually undertaken, the Court also found it significant that the utility company failed to allege that any repair efforts by Westinghouse were faulty. *See id.* at 208. Thus, contrary to the City's position, our decision in *DP & L* is based on the recognition that a service provider breaches the *Melody Home II* warranty only if (1) repairs are undertaken and (2) *those repairs* are not performed in a workmanlike manner. In this case, because the City has conceded that GE's repairs were not defective, it is irrelevant that some repairs were made. The City has produced no evidence that GE performed or attempted any repair of the tie-wire pins that are asserted to be defective. Nor has the City produced any evidence that such repairs were even promised. GE's service contract with the City specifically excluded liability for the "failure to discover or repair latent defects or defects inherent in the design of the equipment." This case fails for the same basic reason as DP & L's case against Westinghouse: an allegation that the contractor "had the duty to make repairs and failed to do so" is not within the scope of the *Melody Home II* implied warranty. *Id.* Similarly, "failure to *advise* the implementation of the newly designed rotor blades" does not breach the *Melody Home II* warranty.

The state Supreme Court cited *DP & L* favorably as a footnote to its recent opinion holding that failure to perform an oral service agreement is not a breach of an express warranty under the DTPA. *Southwestern Bell Telephone Co. v. FDP Corp.*, 34 Tex. S.Ct. J. 398, 401 n. 5 (March 6, 1991). For there to be a warranty breach, the court said, there must first be a contract of which the warranty is a part. The court drew an analogy between that holding and *DP & L* as having "reached the same result in the context of an implied

---

**1.** The court's reference to the DTPA has not been construed to mean that the implied warranty is available only to those who sue under that Act. Because the DTPA "does not create any warranties," *La Sara Grain v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex.1984), this Court has held that the *Melody Home II* warranty is simply a contract theory available even to those who sue outside the Act. *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 362 n. 5 (5th Cir. 1988).

warranty." As a court Erie-bound to apply state law as state courts would do, our analysis of this case draws considerable strength from *Southwestern Bell*.[2]

### III.

▨ The remaining issue here is whether the district court erred in refusing to allow the City to amend its pre-trial order to assert a negligence claim that this Court had previously held was extinguished by the statute of repose. Under settled "law of the case" principles, issues decided by an appellate court cannot be re-examined by the district court on remand. *See Schexnider v. McDermott International, Inc.*, 868 F.2d 717, 718 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989). The district court must comply with the appellate court's mandate without variance. *Daly v. Sprague*, 742 F.2d 896, 900–01 (5th Cir. 1984). Previously, this Court disposed of the City's negligence claims and remanded this case on the specific and narrow grounds of the implied warranty claim. The limited scope of remand precluded consideration of any other claims. *Id.* at 900.

▨ The law of the case doctrine, however, is not an inexorable command and may theoretically be overcome if one of three circumstances occurs:

(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice.

*Id.* at 900. *See also Illinois Central Gulf Railroad v. International Paper*, 889 F.2d 536, 539 (5th Cir.1989). The City argues

that it is entitled to relief under the third exception.

▨ Only in extraordinary circumstances may this court sustain a departure from the "law of the case" doctrine on the ground that a prior decision was clearly erroneous. Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception. To be "clearly erroneous," a decision "must strike us as more than just maybe or probably wrong; it must ... be dead wrong." *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir.1988), *cert. denied*, — U.S. —, 110 S.Ct. 141, 107 L.Ed.2d 100 (1989).

This case does not present the exceptional circumstances that justify departure from the "law of the case" doctrine. In the previous appeal, we held that the Texas statute of repose barred the City's claim that GE negligently performed the 1981 overhaul because it failed to warn of a dangerous condition arising from a design defect in the tie-wire pins. In *KSLA–TV, Inc. v. Radio Corp. of America*, 732 F.2d 441 (5th Cir.1984), the television station argued unsuccessfully that the statute of repose did not apply to actions for negligent failure to warn, "where the duty to warn arises from knowledge obtained subsequent to the completion of the construction." *Id.* at 443. The Court rejected this argument, holding that any failure to warn of a danger that arises from the design of a product which is attached to real property falls within the statute of repose. *Id.* at 444.

The City's negligence claim is likewise premised on a deficiency in the original design of the turbine. Because the City failed to file suit on its claim within ten (10) years of the date that the turbine was put

---

2. Because we hold that GE did not breach the implied warranty, we need not consider the alternative argument, which the district court never addressed, that GE was entitled to summary judgment because the *Melody Home II* warranty does not extend to "professional services." *See Melody Home II*, 741 S.W.2d at 354 (declining to answer "[t]he question whether an implied warranty applies to services in which the essence of the transaction is the exercise of professional judgment by the service provider"). Nevertheless, we note that while at least one Texas appellate court has extended the implied warranty to professional services, *White Budd Van Ness v. Major–Gladys Drive Joint Venture*, 798 S.W.2d 805, 813 (Tex.App.—Beaumont 1990), *error dismissed*, 811 S.W.2d 541 (Tex. 1991), the Texas Supreme Court has yet to adopt this position. *See Willis v. Maverick*, 760 S.W.2d 642, 647–48 (Tex.1988).

into service, this Court held that the City's claim was extinguished by the statute of repose. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 16.008–.009 (Vernon 1986). This conclusion, resting upon a distinction between statutes of repose and statutes of limitations was neither obviously erroneous nor manifestly unjust. Accordingly, under the "law of the case" doctrine, we sustain the district court's refusal to allow the City to amend its pre-trial order to re-assert this claim. *See Daly*, 742 F.2d at 900.

### IV.

For the reasons set forth above, the judgment of the district court is AFFIRMED.