# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2010

Lyle W. Cayce
Clerk

No. 08-11179
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BARBARA HILDENBRAND; GERALD STONE,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-318:1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Barbara Hildenbrand pleaded guilty, pursuant to a written plea agreement, to two counts of defrauding the United States Department of Housing and Urban Development (HUD), in violation of 18 U.S.C. § 1012. Her husband, Gerald Stone, also pleaded guilty, pursuant to a written plea agreement, to theft from an organization, in violation of 18 U.S.C. § 666, and tax evasion, in violation of 26 U.S.C. § 7201. Following an unsuccessful appeal, Hildenbrand and Stone returned to the district court to file *pro se* motions for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

new trial, pursuant to FED. R. CRIM. P. 33 (as to Stone), to be resentenced to probation (as to Hildenbrand), and jointly to dismiss the indictment, pursuant to FED. R. CRIM. P. 12(b)(3). It is from the denial of these post-judgment, post-appeal motions that they now appeal.

Appellants argue that their motion to dismiss the indictment raised a jurisdictional claim not previously asserted. They are incorrect. The arguments are the same as ones that they had raised and this court had rejected in the prior appeal, and are thus barred by the law-of-the-case doctrine. *See United States v. Hildenbrand*, 527 F.3d 466, 474-78 (5th Cir.), *cert. denied*, 129 S. Ct. 437 (2008); *see also United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir.), *cert. denied*, 129 S. Ct. 64 (2008). Appellants contend that the law-of-the-case doctrine does not apply because the prior panel decision was clearly erroneous and works a manifest injustice, but their mere disagreement with the decision is insufficient to meet the extraordinary manifest-injustice exception. *See City Public Serv. Bd. v. General Elec. Co.*, 935 F.2d 78, 82 (5th Cir. 1991).

Stone's Rule 33 motion for a new trial and Hildenbrand's motion for resentencing challenged the validity of their convictions and sentences and, as such, are barred by the waiver-of-appeal provisions contained in their plea agreements. Appellants have abandoned, by failing to brief, their district-court argument that the waivers were unenforceable due to the Government's breach of the plea agreements. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the appeal is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.