# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2023

Lyle W. Cayce
Clerk

No. 22-60110

Fredy Omar Gonzalez Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 733 593

ON PETITION FOR REHEARING

Before King, Jones, and Duncan, *Circuit Judges*.

Per Curiam:*

In light of *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023), the petition for panel rehearing is GRANTED. Our prior panel opinion, *Gonzalez Hernandez v. Garland*, No. 22-60110, 2023 WL 2759059 (5th Cir. Apr. 3, 2023), is WITHDRAWN and the following opinion is SUBSTITUTED therefor:

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60110

Fredy Omar Gonzalez Hernandez petitions this court for review of an order of the Board of Immigration Appeals denying his motion to reconsider its earlier decision. He had previously petitioned this court for review of that earlier decision, and we denied the petition for review. This petition for review is similarly DENIED.

## I.

Fredy Omar Gonzalez Hernandez, a native and citizen of El Salvador, was admitted to the United States as a lawful permanent resident in 1992.  In 2001, he pled guilty to "deadly conduct" in violation of Texas Penal Code § 22.05(b); later that year, he was served with a Notice to Appear ("NTA"), charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as a noncitizen convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F).

Gonzalez Hernandez, proceeding pro se, filed an application for withholding of removal. The Immigration Judge ("IJ") denied his application and ordered him removed to El Salvador.  Through counsel, Gonzalez Hernandez filed an appeal with the Board of Immigration Appeals ("BIA"); the BIA dismissed the appeal for lack of jurisdiction because it was untimely filed. After completing his sentence, he was removed to El Salvador, where he remains today.

On July 12, 2018, Gonzalez Hernandez filed a motion to reconsider and terminate, which also sought, in a lone footnote, reopening of his removal proceedings.  The motion was filed on the heels of *Sessions v. Dimaya*, which held that 18 U.S.C. § 16(b) as incorporated into 8 U.S.C. § 1101(a)(43)(F), the law under which Gonzalez Hernandez was charged as removable, was unconstitutionally vague. 138 S. Ct. 1204, 1223 (2018). Gonzalez Hernandez's brother first informed him of the *Dimaya* ruling on April 17,

2

2018, approximately three months before Gonzalez Hernandez filed his motion.

The IJ denied the motion on August 31, 2018, finding the motion untimely because it was not filed within thirty days of the final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(6)(B). Assuming *arguendo* that Gonzalez Hernandez was entitled to equitable tolling based on the *Dimaya* decision, the IJ determined that the motion to reconsider remained untimely because it was filed more than thirty days after Gonzalez Hernandez learned of the change in law upon which his motion relied.  On appeal, the BIA agreed with the IJ that Gonzalez Hernandez's motion was untimely, ruling that he was required by statute to file his motion for reconsideration within thirty days of discovering the potential effect of *Dimaya* on his removal order, which he failed to do. The BIA also rejected Gonzalez Hernandez's argument that the IJ erred in not treating his motion to reconsider as a motion to reopen, holding that a change in law cannot form the basis of an otherwise untimely motion to reopen because such motions must be based on "new facts." *See id.* § 1229a(c)(7)(B).

Gonzalez Hernandez filed a timely petition for review with this court. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 86 (2022). While his petition was pending, he also filed a motion for reconsideration with the BIA, arguing that it erred in failing to consider his motion to reopen.  He later filed with the BIA an additional motion for reconsideration or reopening in light of *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), arguing that his NTA was defective and deprived the immigration court of jurisdiction to order him removed in the first place.

On August 13, 2021, this court issued an opinion denying Gonzalez Hernandez's petition for review of the BIA's dismissal of his appeal. *Gonzalez Hernandez*, 9 F.4th at 281. The panel first held that the BIA did not

No. 22-60110

err by denying Gonzalez Hernandez's motion for reconsideration as time barred because the BIA's decision to end the tolling period on April 17, 2018, the day Gonzalez Hernandez learned of the *Dimaya* decision, was supported by substantial evidence. *Id.* at 284. It then held that the BIA did not err by declining to construe Gonzalez Hernandez's motion to reconsider as a motion to reopen based on the plain language of 8 U.S.C. § 1229a(c)(7)(B), which requires a motion to reopen to state "new facts" rather than a change in law. *Id.* at 284–86. Therefore, the panel determined that the BIA did not err by requiring Gonzalez Hernandez to file his motion to reconsider within thirty days. *Id.* at 286.

On January 28, 2022, the BIA denied Gonzalez Hernandez's remaining motions. First, the BIA denied his motion to reconsider its prior decision, concluding that its previous decision was correct and supported by this court's determination that Gonzalez Hernandez failed to establish that he warranted reconsideration or reopening of his removal proceedings. It also denied his motion to reopen and terminate in light of *Niz-Chavez*, determining that the immigration court possessed jurisdiction over Gonzalez Hernandez's removal proceedings despite the defective NTA. Gonzalez Hernandez timely filed a petition for review of the BIA's latest decision, arguing that the BIA erred in affirming the denial of his motions and in holding that he was required to file his motion within thirty days of discovering the relevant change in law.[1]

---

[1] After filing his opening brief, Gonzalez Hernandez determined that his jurisdictional arguments related to the motion for reconsideration or reopening he filed in light of *Niz-Chavez* were foreclosed by circuit precedent and abandoned them. As such, we do not consider those arguments here.

## II.

We review the decision of the BIA and consider the IJ's underlying decision only to the extent that it influenced the BIA's determination. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA's legal conclusions are reviewed *de novo*, while its factual findings are reviewed for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).

The denial of a motion to reopen or a motion for reconsideration is reviewed under a highly deferential abuse-of-discretion standard. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203–04 (5th Cir. 2017); *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We must affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304 (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

## III.

Gonzalez Hernandez contends that, by denying his motion for reconsideration, the BIA abused its discretion for three principal reasons. He first argues that the BIA failed to independently adjudicate his motion to reopen and instead treated *Gonzalez Hernandez* as binding with respect to that motion. This was an abuse of discretion, he alleges, because the earlier panel lacked jurisdiction over his motion to reopen as the motion had not yet been exhausted as required by 8 U.S.C. § 1252(d)(1). He then argues that the BIA abused its discretion by relying upon this court's decision in *Gonzalez Hernandez*, which he contends was wrongly decided. Last, he argues that the current statutory scheme underscores that a change in law can be a basis for a motion to reopen, and the BIA abused its discretion by failing to consider this. We address each argument in turn.

No. 22-60110

## A.

Gonzalez Hernandez argues that the BIA abused its discretion by treating the first panel's opinion as binding with respect to his motion to reopen. He asserts that the motion to reopen was unexhausted under 8 U.S.C. § 1252(d)(1) because of the pending motion for reconsideration before the BIA, thereby depriving the panel of jurisdiction over that issue.[2]

However, the Supreme Court recently held in *Santos-Zacaria v. Garland* that § 1252(d)(1)'s "exhaustion requirement is not jurisdictional and does not oblige a noncitizen to seek discretionary review, like reconsideration before the Board of Immigration Appeals." 143 S. Ct. 1103, 1120 (2023). In other words, a petitioner's "failure to press [a] claim in a motion for reconsideration before the BIA is no bar to our considering it." *Carreon v. Garland*, 71 F.4th 247, 252 (5th Cir. 2023).

Gonzalez Hernandez argued in his initial appeal to the BIA that the IJ erred by not treating his original motion as a motion to reopen; as such, that issue was exhausted when we considered and rejected it in *Gonzalez Hernandez*.[3] Even if it had not been exhausted, the Supreme Court held that a petitioner's failure to satisfy § 1252(d)(1) does not deprive this court of jurisdiction to consider an issue. *Santos-Zacaria*, 143 S. Ct. at 1114. Thus, the BIA properly treated *Gonzalez Hernandez* as binding.

---

[2] Gonzalez Hernandez presented this argument to the first panel in a petition for panel rehearing, which the panel denied.

[3] In his petition for panel rehearing, Gonzalez Hernandez argues that because he believed that he had not appropriately exhausted this issue, and thus filed a motion to reconsider with the BIA, he is now "effectively prevented from ever receiving full and fair reconsideration of his Motion to Reopen arguments by the BIA." But the BIA reconsidered his arguments relating to the motion to reopen and, in January 2022, found that its previous decision was correct.

No. 22-60110

**B.**

Gonzalez Hernandez next argues that the BIA abused its discretion by following *Gonzalez Hernandez*, a decision which he alleges was clearly erroneous because changes in law have previously served as grounds for granting motions to reopen. "Generally, the law of the case doctrine precludes reexamination by the appellate court on a subsequent appeal of an issue of law or fact decided on a previous appeal." *United States v. Agofksy*, 516 F.3d 280, 283 (5th Cir. 2008). It is a discretionary doctrine, and we have previously identified three exceptions to the general rule against reexamination: "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Id.* (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).

Gonzalez Hernandez argues the third exception applies—that the earlier panel's decision is clearly erroneous and would work a manifest injustice in his case. Accordingly, we must determine whether the prior panel's decision was clearly erroneous and, if so, whether that error would result in a manifest injustice. "Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception. To be 'clearly erroneous,' a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." *All. for Good Gov't v. Coal. for Better Gov't*, 998 F.3d 661, 668 (5th Cir. 2021) (quoting *City Pub. Serv. Bd. v. Gen. Elec. Co.*, 935 F.2d 78, 82 (5th Cir. 1991)).

In *Gonzalez Hernandez*, the panel held that "[t]he BIA did not err by declining to construe Gonzalez-Hernandez's motion to reconsider as a motion to reopen" because 8 U.S.C. § 1229a(c)(7)(B), the statute governing motions to reopen, "specifies that a motion to reopen must state 'new facts,'

and Gonzalez Hernandez's motion arose from a change in law." 9 F.4th at 284–86. As the panel explained, "[t]o allow changes of law to be addressed in motions to reopen would contravene the statute and collapse the difference between a motion to reconsider and a motion to reopen with respect to changes in law," thereby making superfluous the thirty-day statutory time limit for motions to reconsider new legal decisions. *Id.* at 286.

Gonzalez Hernandez argues that this was clearly erroneous. In support of his position, he principally relies upon Judge Costa's dissent from the first panel's decision, which itself relies upon precedent from the Supreme Court, this circuit, and the BIA. *See Gonzalez Hernandez*, 9 F.4th at 287–89 (Costa, J., dissenting). He contends that *Gonzalez Hernandez* contradicts the Supreme Court's decision in *Dada v. Mukasey*, 554 U.S. 1, 12 (2008), where the Court recognized that a motion to reopen asks the BIA "to change its decision in light of newly discovered evidence or a change in circumstances," because a substantive change in law is a change in circumstances. He states that our precedent has previously applied this principle—that a change in law is acceptable grounds for bringing forth a motion to reopen. *E.g.*, *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016). Finally, Gonzalez Hernandez argues that the BIA, in several, mostly unpublished decisions, has permitted and even encouraged the use of motions to reopen for consideration of subsequently issued cases.

Despite these arguments, we remain unconvinced that the prior decision was "dead wrong." *All. for Good Gov't*, 998 F.3d at 668. The previous panel considered, and rejected, the same arguments Gonzalez Hernandez makes in his current appeal. *Gonzalez Hernandez* is not in clear tension with *Dada*, as that case examined motions to reopen only in the context of newly offered evidentiary material, not a change in law. *See Gonzalez Hernandez*, 9 F.4th at 285 & n.2 (distinguishing the cases). Nor

No. 22-60110

does *Gonzalez Hernandez* obviously contradict circuit precedent. As the prior panel explained, our precedent does not squarely address this issue and was ultimately decided on other grounds; the cases cited by Gonzalez Hernandez "do[] not directly comment on the propriety of such motions." *Id.* at 286 n.4. That the BIA has adopted a contrary approach in several unpublished opinions does "not constitute a settled course of adjudication from which deviation would constitute an abuse of discretion" or establish that the prior panel was dead wrong in its decision. *Id.* (citing *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1118–19 (9th Cir. 2019)). Ultimately, this is not one of the rare "extraordinary circumstances" where the clearly-erroneous exception to the law of the case doctrine applies, particularly where Gonzalez Hernandez only repurposes arguments made by the prior panel's dissenting judge. *All. for Good Gov't*, 998 F.3d at 668 (quoting *City Pub. Serv. Bd.*, 935 F.2d at 82). Such disagreements are more appropriately resolved through petitioning this court for rehearing en banc or the Supreme Court for a writ of certiorari. Gonzalez Hernandez did not seek en banc rehearing, and the Supreme Court denied his petition for a writ of certiorari. *See Gonzalez Hernandez v. Garland*, 143 S. Ct. 86 (2022). Accordingly, the BIA did not abuse its discretion by relying upon the first panel's decision in its most recent dismissal of Gonzalez Hernandez's appeal.

## C.

Finally, Gonzalez Hernandez argues that the BIA ignored a recent amendment to the regulations concerning motions to reopen, which states that a motion to reopen can be brought based on a "material change in fact *or law*." *See* 8 C.F.R. § 1003.2(c)(3)(v)(A) (emphasis added). The Government argues that this argument is unexhausted under 8 U.S.C. § 1252(d)(1) because Gonzalez Hernandez failed to present it before the BIA, and Gonzalez Hernandez concedes as much in his petition for panel rehearing.

No. 22-60110

In *Santos-Zacaria*, the Supreme Court clarified that § 1252(d)(1)'s exhaustion requirement is a claim-processing rule subject to waiver and forfeiture. 143 S. Ct. at 1114, 1116. Accordingly, the Government may timely object to our consideration of arguments that a petitioner failed to exhaust before the BIA. *Carreon v. Garland*, 71 F.4th 247, 254 (5th Cir. 2023). We agree with the Government's objection that this argument is unexhausted and therefore decline to reach it.[4]

## IV.

For the foregoing reasons, the petition for review is DENIED.

---

[4] We do not decide whether § 1252(d)(1) is a mandatory claim-processing rule because we would enforce the exhaustion requirement in this case even if the rule was not mandatory. *See Carreon*, 71 F.4th at 257 n.11.