578 So.2d 153 (1991)
Thaddeus CLAIBORNE, et al.
v.
RHEEM MANUFACTURING COMPANY, et al.
Consolidated With
Leroy LABBE
v.
RHEEM MANUFACTURING COMPANY, et al.
Consolidated With
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY
v.
RHEEM MANUFACTURING COMPANY, et al.
Nos. 90-CA-542 to 90-CA-544.
Court of Appeal of Louisiana, Fifth Circuit.
March 20, 1991.
*154 Laurence E. Larmann, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendant-appellant.
James C. Murphy, Jr., Patricia A. McKay, Cornelius, Sartin & Murphy, New Orleans, for third-party defendant and appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
This is a personal injury matter in which the defendant/third-party plaintiff, Rheem Manufacturing Company (Rheem), is appealing the judgment of the trial court dismissing the third-party defendant, the City of Kenner, on summary judgment. We affirm.

FACTS
On April 23, 1988, Thaddeus Claiborne and his neighbor, Leroy Labbe, were working on Claiborne's automobile, which was parked inside Mr. Claiborne's garage. While attempting to remove the gas tank from the vehicle, gas began to spill out of the tank and onto the garage floor. Approximately 25 feet away there was a gas water heater which had been manufactured by Rheem several years before. The original plaintiffs allege that the gas vapors from the spilled gasoline traveled along the floor of the garage to the water heater where they were ignited by the flame of the water heater causing a fire inside of the garage. Both men were burned as a result of the fire.
The water heater was installed in the garage in 1977. The City of Kenner inspected the water heater at that time and found that it met all of the required standards of the city building code.
Following the accident, the plaintiffs filed suit against Rheem alleging that the water heater was defectively designed because the intake valve was not 18 inches off the floor of the garage. Subsequently, Rheem filed a third-party demand against the City of Kenner alleging negligence based on failure to properly inspect and failure to warn. Thereafter, the City of Kenner filed a motion for summary judgment which was heard on May 11, 1990. The trial court granted the motion and judgment was signed on May 14, 1990.

LAW
The mechanism of summary judgment was succinctly stated by this Court in Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir.1987). Additionally, La.R.S. 9:2798.1(B) provides that "[l]iability shall not be imposed on public entities or their *155 officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties." La.R.S. 9:2772, in part, provides:
A. No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(3) If the person furnishing the design and planning does not perform any inspection of the work, more than ten years after he has completed the design and planning with regard to actions against that person.
B. The causes which are pre-empted within the time described above include any action:
(1) For any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction of an improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
This pre-emptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.

ANALYSIS
Rheem admits the following in its memorandum in opposition to the motion for summary judgment:
Third-party plaintiff does not allege that the inspection that was performed at the time when the water heater was installed in the Claiborne house was defective. Further, the third-party plaintiff does not dispute that at the time the heater was installed and the inspection was made that the installation was in accordance with the code of Kenner.
Since Rheem admits that the inspection was properly conducted in 1977, there is no genuine issue of fact remaining as to the City of Kenner's affirmative duty to conduct an inspection in accordance with its own building code.
Next, Rheem alleges fault on the basis of failure to discover that installation instructions for gas appliances have changed since 1977, and therefore, the City of Kenner had a duty to change its building code and a duty to warn its citizens. However, there is no evidence of record that NFPA (National Fire Protection Association) is included in the City of Kenner building code. Furthermore, legislative functions such as enactment or failure to enact a certain standard or ordinance are exactly the type of discretionary functions provided for in La.R.S. 9:2798.1. Therefore, the City of Kenner should not be held liable for failure to enact a different standard of inspection.
Furthermore, the duty to discover and warn of potential hazards associated with a design defect in a certain product rests with the manufacturer who is in a better position to discover defects.
Finally, the City of Kenner alleges prescription based on La.R.S. 9:2772. We agree.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of *156 this appeal are to be assessed against the appellant.
AFFIRMED.