GOTHARD, Judge.
Louisiana Gas Service Company (LGS) appeals a judgment of the trial court dismissing a third party claim against the City of Kenner (City) on summary judgment. We affirm.
Plaintiffs Thaddeus Claiborne and a neighbor, Leroy Labbe, filed suit against Rheem Manufacturing Company (Rheem) and LGS seeking recovery for injuries sustained in a fire started when gasoline vapors ignited the pilot light of a gas hot water heater in the Claiborne garage. The two men were working on the gas tank of a car at the time of the accident. Plaintiffs’ basic claim is that the water heater was defective because the air intake valve was not eighteen inches off the garage floor.
Rheem and LGS filed third party demands against the City of Kenner alleging that, in the event defendants were found liable, they would be entitled to indemnity or contribution from the City as a result of the City’s breach of its duty to properly permit, regulate and oversee appliance installations. The City moved for summary judgment. The motion was granted as to
Rheem on May 11, 1990.[1] The motion was heard as to LGS on July 18,1990 and taken under advisement. A judgment granting the motion was rendered on August 14, 1990.
The City argues that the third party demand is precluded by both immunity afforded government entities for discretionary acts pursuant to LSA-R.S. 9:2798.1 and by peremption of actions relating to inspection services under LSA-R.S. 9:2772.
LSA-R.S. 9:2772 provides, in pertinent part, that all actions are perempted against any persons:
performing or furnishing the design, planning, supervision, inspection, or observation of an improvement to immovable property (emphasis added)
after ten years from the date of occupancy. That statute is an exception to the general rule that a claim for indemnification doesn’t begin to prescribe until the party is cast in judgment. Smith v. Ly, 498 So.2d 128 (La.App. 5th Cir.1986).
Appellant argues that the statute is inapplicable to a claim of a failure to warn. We disagree. In KSLA-TV v. Radio Corp. of America, 732 F.2d 441 (5th Cir.1984) the federal court ruled that section 9:2772 included a failure to warn. The Louisiana legislature has codified that rule by the 1990 amendment to the statute which specifically adds a failure to warn as an action barred by section 9:2772. It is not necessary to decide whether this amendment should be applied retroactively since it is clear the amendment merely articulated the substance of the act. Because we find that the motion for summary judgment was properly granted on the basis of peremption, we deem it unnecessary to discuss the issue of immunity.
The action of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. The decision rendered on the appeal of that judgment was handed down by this court on March 20, 1991 578 So.2d 153.