675 So.2d 1191 (1996)
Stephen BUA,
v.
Bernell DRESSEL, et al.
No. 96-CA-79.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1996.
Clark Richard, Jim Hall, Gretna, for Plaintiff/Appellant.
Lawrence J. Centola, Jr., Hoffman, Sutterfield & Ensenat, New Orleans, Craig J. *1192 Cimo, Co-Counsel, Assistant Parish Attorney, Gretna, for Defendants/Appellees.
Before WICKER, GOTHARD and DALEY, JJ.
DALEY, Judge.
Stephen Bua filed suit against Henry and Bernell Babcock, the owner/lessor of his apartment complex (a four-plex), Babcock's insurer and the Parish of Jefferson alleging the injuries he sustained from a fall from the second floor balcony were caused by the railing which was constructed below the code requirement in 1962. On the morning of trial Bua settled with the owner and his insurer. The Parish was granted leave to file for summary judgment and the motion was set for hearing. At issue in the Motion for Summary Judgment is whether Bua's cause of action based on allegations that the Parish was somehow negligent in their inspections of the construction in 1962 are extinguished based on R.S. 9:2772. The trial court granted the Parish's Motion for Summary Judgment. Bua appeals.
In Reynolds v. Select Properties, Ltd., 634 So.2d 1180, 1182, 93-1480 La. 4/11/94 (La.1994) the Louisiana Supreme Court set forth the standard of review on a Motion for Summary Judgment as follows:
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La. 1981). The burden is on the mover to establish that no material fact issues exist. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600, 605 (La. 1986).... Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder, 591 So.2d at 345.
The undisputed facts are that Babcock built a four-plex in 1962 with a second floor railing that was 31 inches high. The Jefferson Parish Building Code required a railing of 36 inches. The Parish conducted required inspections of the building during construction. Thereafter, in 1994, Bua, a tenant at the complex, exited a neighbor's apartment, slipped and fell over the second floor railing suffering permanent injuries. This lawsuit resulted alleging the accident occurred due to a low railing that was not built to code.
Bua's petition alleges that Babcock is liable for his injuries based on the following pertinent allegations:
7.
The sole and proximate cause of this accident was the negligence of defendants, Bernell Dressel, wife of, and Henry G. Babcock which negligence consists of, but is not limited to, the following:
a) Failure to follow and maintain the premises according to the Building Code of Jefferson Parish:
* * * * * *
Bua's petition alleges the Parish is liable for his injuries based on the following allegations:

10.
A proximate cause of this accident was the negligence of Jefferson Parish through the Department of Inspection and Code Enforcement, which negligence consists of, but is not limited to, the following:
a) Failure to properly inspect the premises at 832 Martin Behrman;

*1193 b) Failure to enforce the appropriate Jefferson Parish ordinances and state statutes;
c) Any other acts of negligence which may be shown upon the trial of this matter.
The Parish argues that because the accident herein occurred approximately 32 years after the building was constructed and the Parish inspections were made at that time, R.S. 9:2772 is applicable and extinguishes Bua's right to sue based on any negligence relative to inspection of the construction. In support, they point to the case of Claiborne v. Rheem, 578 So.2d 153 (La.App. 5th Cir. 1991) and 579 So.2d 1199 (La.App. 5th Cir. 1991) and the following language of the statute:
A. No action, whether ex contractu, ex delicto, ... to recover damages shall be brought ... against any person performing ... the ... inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner ...
Bua argues the act is not applicable to the Parish but only applicable to relieve private contractors and architects from any liability after ten years from completion of the building. To the extent that Claiborne applies the statute to a political subdivision, Bua maintains it should be overruled. Also, Bua argues the Parish was negligent in issuing a building permit for the building based on the plans which showed a railing height of 31 inches when, according to Bua, the code required a railing of 36 inches. The railing actually built was 31 inches.
LSA R.S. 9:2772 provides:
LA R.S. 9:2772, Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon
A. No action, whether ex contractu, ex delicto, or otherwise, including, but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(3) If the person performing or furnishing the land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction, does not perform any inspection of the work, more than ten years after he has completed the surveying or the design and planning with regard to actions against that person.
B. The causes which are preempted within the time described above include any action:
(1) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those preparatory to construction or in the design, planning, inspection or observation of construction, or in the construction *1194 of any improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
(5) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained. This preemptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.
C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).
D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.
E. The preemptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.
F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.
G. Causes of action arising from the performing or furnishing of land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), if not performed preparatory to construction, which exist prior to the effective date of the 1981 Regular Session Amendment to this Section, shall be preempted one year from said date or by the applicable preemptive period established by this Section, whichever is later.
H. (1) The preemptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.
(2) In any such action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues.
(3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.
I. Nothing in this Section shall be construed as limiting or modifying the non-liability of contractors for destruction or deterioration of, or defects in, any work, as provided in R.S. 9:2771.
The allegations of the petition state a claim against the Parish for "failure to properly inspect the premises" and "failure to enforce the appropriate Jefferson Parish ordinances." The Claiborne cases involved an alleged defectively designed and installed gas *1195 water heater which resulted in plaintiff being burned when gasoline from his car ran to his gas water heater and the fumes caused an explosion. In one Claiborne case, this court held 9:2772 is applicable to a "failure to warn" case and affirmed the summary judgment dismissing the City of Kenner. The claims against Kenner were for indemnity and contribution for a "breach of its duty to properly permit, regulate and oversee appliance installations." As here, Kenner was made a defendant based on their duties to, among other things, permit and inspect construction.
In the other Claiborne case, the opponent to summary judgment admitted that the inspections by Kenner were not defective and that the installation was in accordance with the Kenner code. After disposing of appellant's arguments on failure to warn and any duty of Kenner to change its building code, this court stated "Finally, the City of Kenner alleges prescription based on 9:2772. We agree."
We reaffirm our holdings in the Claiborne cases and find that the preemptive period of LSA R.S. 9:2772 is applicable to extinguish a cause of action against a political subdivision for negligent permitting and inspection of construction of immovable property after the passage of ten years. Accordingly, we hold that Bua's action against the Parish of Jefferson is barred by the passage of over ten years from the date the construction was completed. Therefore, we affirm the trial court's grant of summary judgment in favor of the Parish of Jefferson. All costs of appeal are assessed to Bua.
AFFIRMED.