|TGRISBAUM, J.,
dissents and assigns reasons.
I dissent from the majority opinion in that I do not agree summary judgment is the appropriate procedural mechanism for disposition of this dispute. There are genuine issues of material fact which prevent any party from being entitled to summary judgment as a matter of law. Bua v. Dressel, 96-79(La.App. 5th Cir. 5/28/96), 675 So.2d 1191.
Disposition of this dispute .rests upon whether Magnon is an insured under the insurance policy Vigilant issued to Phelps Dunbar. The provision at issue is as follows:
WHO IS INSURED
1. you for any covered auto.
2. anyone else while using, with your permission, a covered auto except:
(a) the owner or anyone else from whom you hire or borrow a covered auto.
(b) your employee if the covered auto is owned by that employee or a member of his or her household.
(c) someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours;
(d) anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered auto.
(e) a partner of yours for a covered auto owned by him or her ar a member of his or her household.
*11 Non-owned and Hired auto Liability Section, form 40-02-2154-A, pg. 4 (emphasis as found in the original).
|2A genuine issue of material fact exists because there are two possible provisions which could apply to the appellee, Magnon. The trial judge found that Magnon is an insured but failed to address in her judgment which provision makes the appellee am insured under the Vigilant policy. She also fails to address why 2(b) above, under WHO IS AN INSURED, does not apply. The purpose and meaning of this provision needs to be evaluated and explained so the court can make a determination as to whether it applies to this individual. Furthermore, there are public policy concerns of allowing an employer’s insurer except from coverage of employees using their own vehicles for business purposes and whether this violates the mandatory requirements of the UM statute. La. R.S.22:1406.
The provision on which the appellee relies and which it appears that the trial judge may have relied, “Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to and from a covered auto,” is the second provision which may be applicable here. Within the determination of whether this provision is applicable is the issue of whether the appellee, Mag-non was “moving property to and from a covered auto” to come under this provision.
Since both of these provisions are within the same subsection, if both are applicable, then the determination of which one overrides the other must be made. In the determination of this issue, the principle that an ambiguous policy must be read in favor of coverage and that any exclusion from coverage in an insurance policy must be clear and unmistakable must be considered. Roger v. Estate of Moulton, 513 So.2d 1126(La. 1987).
Accordingly, I find that there is a genuine issue as to which provision applies to these facts and, thus, I do not agree that
summary judgement is appropriate. In light of this, the grant of L.I.G.A.’s motion for summary judgment should also be set aside because they may ultimately be liable because they have assumed the debts Lof the tortfeasor’s insurer, Automotive Casualty Insurance company, which has been declared insolvent. See La. R.S.22:1375 et seq.