| ¡MARION F. EDWARDS, Judge.
In this case, plaintiff, Noel Gilbert, appeals from a summary judgment granted in favor of defendant, Byrne Dyer, III. For the following reasons, the judgment of the trial court is affirmed.
FACTS AND PROCEDURAL HISTORY
In March of 1985, the Facility Planning and Control Department of the Division of Administration for the State of Louisiana issued an invitation to bid to prospective lessors for a lease to accommodate the offices of the Department of Public Safety. Plaintiff/Appellant, Noel Gilbert, (“Gilbert”), d/b/a Acadian Investments, was among those who submitted bids for the lease, which were received and opened on April 4, 1985. The lease was ultimately awarded to Consolidated Lewis Investment Corporation, (“Consolidated Lewis”), who was determined to be the lowest bidder.
|3On April 23, 1985, Gilbert sent a letter to Joseph Gossen, Assistant Director of the Facility Planning and Control Department, asserting that Consolidated Lewis’ bid should have been refused by the state because of a failure to supply all of the requisite information on their bid. Gilbert also asserted that the lease should have been awarded to him. On April 29, 1985, Gossen sent a reply to Gilbert that denied Gilbert’s claims. The lease was further awarded to Consolidated Lewis on that same date.
On May 6, 1985, Gilbert prepared a formal letter of protest of the lease award to Consolidated Lewis. Following a hearing, the State of Louisiana, Division of Administration Facility Plant and Control, rendered a formal opinion denying Gilbert’s protest. On July 18, 1985, Gilbert subsequently filed suit in the Nineteenth Judicial District Court, seeking injunctive relief, to be declared the lowest bidder, and to have the Consolidated Lewis lease declared null and void. In light of the time delays caused by the litigation, the State rescinded its lease with Consolidated Lewis and rejected all other bids in order that the project could be re-bid. This action *540 prompted Consolidated to file suit as well in Nineteenth Judicial District Court. Gilbert and Consolidated Lewis subsequently intervened in each other’s suit.
In Consolidated Lewis’ suit, the trial court remanded the case back to the Division of Administration for Administrative Proceedings, where the hearing officer determined that Gilbert was not a qualified bidder insofar as he did not have the ability to provide the facilities that were the subject of the lease proposal. Following this administrative ruling, the State filed exceptions of res judicata and prescription in Gilbert’s case, both of which were granted by the trial court. Following the court’s ruling, Gilbert | retained Murphy J. Foster, III, (“Foster”), as counsel on appeal, and Foster formally filed a Motion to Substitute, which was granted.
In an unpublished opinion, the First Circuit reversed the trial court’s ruling and remanded for further proceedings. The State of Louisiana took a Writ to the Louisiana Supreme Court, which was denied on April 28, 1989.[1] Before the First Circuit had ruled on Gilbert’s appeal, the State settled Consolidated Lewis’ suit by agreeing to once again award them the lease.
On May 3,1989, Foster filed a Motion to Withdraw as Counsel for Gilbert. The trial court denied Foster’s motion. On February 28,1994, defendant, Byrne Dyer, III, (“Dyer”), filed a motion to substitute himself as counsel of record for Gilbert, as well as an Amended Petition on behalf of Gilbert d/b/a Acadian Investments that added Consolidated Lewis as a defendant. The Motion to Substitute was denied by the trial court. No further action was taken on the case from that date. Gilbert claims that in early 1999 he was advised by Dyer that, because of the change in law regarding the period for abandonment, his suit had been dismissed.
On June 4, 1999, Gilbert filed a legal malpractice claim in the 24th Judicial District Court for the Parish of Jefferson, against Murphy J. Foster, III, Breazeale, Sachse and Wilson, L.L.P, and Byrne W Dyer, III. Murphy J. Foster, III, and Breazeale, Sachse and Wilson, L.L.P filed an Exception of No Cause of Action which was granted by the trial court on May 26, 2000. On March 21, 2002, Dyer filed a Motion for Summary Judgment. After a hearing on April 30, 2002, the trial court granted Dyer’s motion and dismissed him from Gilbert’s suit. Gilbert timely filed the present appeal.
LAW AND ARGUMENT
| ¡Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[2] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[3] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[4] There must be a “genuine” or “triable” issue on *541 which reasonable persons could disagree.[5] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” A material fact is one that would matter on the trial of the merits.[6]
In his first assignment of error, Gilbert contends that the trial court erred in granting summary judgment because it was misled by Dyer as to the elements necessary to prove a legal malpractice claim.
In Finkelstein v. Collier,[7] this Court noted the three elements essential in order to establish a claim of legal malpractice: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney, and; 3) loss to the client caused by that negligence.
| (¡In the present case, in his Memorandum in Support of his Motion for Summary Judgment, counsel for Dyer cited to the case of Jenkins v. St. Paul Fire and Marine Insurance Company,[8] which stands for the proposition that a client in a legal malpractice action must prove that an attorney’s negligence is a proximate cause of the harm. Gilbert asserts, however, that in the subsequent appellate history of this case, the Louisiana Supreme Court did away with the requirement that a client must prove the resulting damages from an attorney’s malpractice. In this respect, Gilbert is correct. In Jenkins v. St. Paul Fire and Marine Insurance Company,[9] the Supreme Court did hold that once a client establishes an attorney/client relationship and negligence on the part of the attorney, the client has then made a prima facie case. At that point, the burden of proof shifts to the attorney to prove that his own negligence did not cause a loss to the client. Therefore, in this case, the burden would have fallen upon Dyer to show that the alleged malpractice did not cause harm to Gilbert. Dyer asserts that his failure to cite the Supreme Court’s ruling in Jenkins was not done purposely and with the intention to mislead the court.
After a review of the record, we find that the trial court did not use an improper standard of burden of proof in determining whether Dyer’s alleged act of malpractice caused harm to Gilbert. In this case, Dyer had filed a Motion For Summary Judgment related to all issues of the alleged malpractice. To succeed on this Motion, Dyer was required by the court to present evidence on the issue of whether the alleged malpractice, the abandonment of Gilbert’s suit, could have, in fact, caused harm to Gilbert, as |7required by the Supreme Court’s opinion in Jenkins, supra. Therefore, we find this first assignment to be'without merit.
In his second assignment of error, Gilbert asserts that the trial court erred in failing to rale that Gilbert had established a prima facie case against Dyer. In his last two assignments of error, Gilbert argues that the trial court erred in finding that he did not have the ability to lease the building, in finding that he was an unqualified bidder who could not have possibly suffered damages, and that the issue of whether he could have leased the building *542 is an issue of material fact that should have precluded summary judgment.
The following evidence was presented at trial. First, it was established that at the time Gilbert made his lease bid to the State, he did not own the building that he proposed to lease, nor did he lease or have an option to lease the property. The record shows that at the time of Gilbert’s bid, the property in question was owned by Sidney Coxe and leased to a tenant, the Woolworth Company. The premises had been vacated by Woolworth, and Coxe and Woolworth were in litigation over whether Woolworth could sublease the property.[10] The suit was settled in Woolworth’s favor over one year after Gilbert submitted his bid to the state.
Gilbert testified in his own deposition that he had authorization from Coxe to bid the building for the state lease. Gilbert also introduced the deposition testimony of James Thompson, who testified that he believed Gilbert and Coxe had a deal regarding the lease of the property. In the deposition testimony of Coxe, however, Coxe states that he had no recollection of either negotiations with Gilbert regarding the proposed leased property, or of litigation with Woolworth over the property. Aside from the |sdeposition testimony introduced, there was nothing in evidence to support Gilbert’s assertion that a formal agreement existed between himself and Coxe to lease the property. Furthermore, the judgment of the case between Coxe and Woolworth clearly states that Woolworth, not Coxe, had the right to sublease the premises. Therefore, even if Gilbert had shown an agreement between himself and Coxe, such an agreement would have been null and void.
Gilbert further offered his testimony from the trial between Coxe and Woolworth to prove that he had a tentative sublease agreement with Woolworth. Once again, however, no evidence that a sublease agreement between Gilbert and Woolworth was ever reached exists in the record. Furthermore, the ability of Woolworth to sublease the property was not certain until over one year after Gilbert made the lease bid to the State.
At the conclusion of the hearing on Dyer’s Motion For Summary Judgment, the trial judge stated:
THE COURT:
The Court finds that the issue of damages is one of high speculation. It is very speculative whether or not Mr. Gilbert could prove any damages in this particular matter.
Based upon our review of the evidence in the record, we cannot say the trial court erred in granting Dyer’s Motion For Summary Judgment. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Noel Gilbert D/B/A. Acadian Investments v. State of Louisiana, 544 So.2d 381 (La.1989).

. Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.

. Id. at 1008.

. J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.

. 93-CA-999 (La.App. 5 Cir, 4/14/94); 636 So.2d 1053

. 393 So.2d 851 (La.App. 1st Cir.1981)

. 422 So.2d 1109 (La.1982).

. Sidney E. Coxe, et al. v. F.W. Woolworth Company, No. 84-696-A, was pending in the United States District Court for the Middle District of Louisiana.