839 So.2d 301 (2003)
Albert CONTRANCHIS
v.
TRAVELERS INSURANCE CO. & Hercules Sheet Metal, Inc.
No. 02-CA-840.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*302 Christopher R. Schwartz, Metairie, LA, for Appellant.
Michael R. Zsembik, Stephen M. Duvalle, Metairie, LA, for Appellees.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Plaintiff/Appellant, Albert Contranchis, appeals from the trial court's ruling which granted summary judgment in favor of defendants, Hercules Sheet Metal, Inc, and Travelers Property Casualty Insurance Company. For the following reasons, the judgment of the trial court is affirmed.
On October 13, 1999, Plaintiff/Appellant, Albert Contranchis, ("Contranchis"), was employed by A-1 Steel Erectors to work on the construction of a metal building for the Cospolich Company in Norco, Louisiana. Contranchis alleges that in the process of construction, he fell through a pre-cut hole in sheet metal that was being used on the building, and, as a result, sustained various injuries to his head and spine.
On October 5, 2000, Contranchis filed a petition in the 29th JDC, for the Parish of St. Charles. In his petition, Contranchis asserted that Hercules Sheet Metal, Inc. ("Hercules"), who provided the sheet metal for the project, was strictly liable to him because it failed to warn him about a "slippery substance" on the metal that he claims caused the accident. Contranchis further named Travelers Property Casualty Insurance Company ("Travelers"), as Hercules' insurer. On January 28, 2002, Contranchis filed a Supplemental and Amending Petition, asserting that because Hercules had knowledge pertaining to the 18 foot height requirement in the building specifications, it had a duty to advise the erectors of the building of the hazards of walking on the building at "high heights" and a duty to advise the erectors about the hazard of construction at heights, safety procedures on construction at heights, as well as safety instructions on the installation of skylights.
On March 25, 2002, Hercules and Travelers filed a Motion for Summary Judgment asserting that an open skylight hole in a construction project was an "obvious danger" for which Hercules did not have a duty to warn. Hercules asserted that it did not alter the metal in any way from the time it came from the manufacturer. Hercules further argued that Contranchis and his employer were sophisticated users of sheet metal because they were engaged in a specialized business of erecting metal buildings, and, therefore, no duty to warn was necessary on those grounds as well. Following a hearing on May 13, 2002, the trial court granted Hercules' Motion for *303 Summary Judgment. This timely appeal followed.

LAW AND ARGUMENT
In his lone assignment of error, Contranchis asserts that by granting summary judgment, the trial court abused his democratic right to trial by jury.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A material fact is one that would matter on the trial of the merits.[5]
In this case, Contranchis first asserts that several genuine issues of fact remain: whether Hercules applied an oily substance on the metal sheet, whether Hercules failed to protect workers from slipping on the metal sheet, and whether Hercules failed to advise those using the sheet metal of the hazards of working with the sheet metal at extreme heights. At the hearing on the summary judgment, Contranchis appeared to abandon his claim against Hercules on product liability grounds. In support of his opposition to the Motion for Summary Judgment, Contranchis only offered his affidavit, which essentially reiterated the claims of his petition, specifically that the sheet metal was slippery and that Hercules failed to provide instructions for working with the metal at extreme heights.
In regard to Contranchis' claim that Hercules was responsible for the alleged oily substance on the sheet metal, we note the record does not contain evidence, even in Contranchis' own affidavit, that Hercules applied the "slippery substance" that he claims caused the accident. Accordingly, we find no error in the trial court's determination that there was no genuine issue of material fact regarding this particular theory of recovery.
Contranchis further claims that Hercules breached a duty to protect workers from slipping on the metal sheet, failed to advise those using the sheet metal of the hazards of working with the sheet metal at extreme heights, failed to address safety procedures on construction at heights, and failed to provide safety instructions on the installation of skylights. In this case, Contranchis was employed by A-1 Steel Erectors, *304 a company engaged in the practice of erecting metal buildings. As Hercules points out, Louisiana courts have previously noted that such construction work is specialized per se.[6] Courts have also held that there is no duty to warn "sophisticated users" of the dangers, which they may be presumed to know about because of their familiarity with the product.[7] Apparently, the trial court concluded that, as an entity engaged in the specialty business constructing metal buildings, A-1 was a sophisticated user of sheet metal and had prior knowledge of applicable safety procedures. We find no error in this conclusion of the trial court. We further find no error on the part of the trial court in its determination that there was no issue of material fact that Hercules had no duty to warn A-1 and its employee, Contranchis, regarding the dangers of working with metal at heights of 18 feet or of the installation of skylights.
Based on the foregoing, we find that the trial court did not err in granting summary judgment and did not thereby abuse Contranchis' democratic right to trial by jury.
AFFIRMED.
NOTES
[1] Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
[2] Tassin v. City of Westwego, 95-307 (La.App. 5th Cir.12/13/95), 665 So.2d 1272.
[3] Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.
[4] Id. at 1008.
[5] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.
[6] Chauvin v. Gulf Coast Minerals, Inc., 509 So.2d 622 (La.App. 3 Cir.1987); writ denied, 512 So.2d 1175, (La.1987).
[7] Home Ins. Co. v. National Tea Co., 577 So.2d 65, 74 (La.App. 1st Cir.1990), affirmed in part, reversed in part (on other grounds), 588 So.2d 361 (1991); Ducote v. Liberty Mut. Ins. Co., 451 So.2d 1211, 1213 (La.App. 4th Cir.), writ denied, 457 So.2d 15 (La. 1984).