11 MARION F. EDWARDS, Judge.
Plaintiff, Elec Cazes, appeals the trial court’s grant of summary judgment in favor of defendants, Officers Derek Pertuis and David Detillier. For the following reasons, the judgment of the trial court is affirmed.
FACTS AND PROCEDURAL HISTORY
In July of 2001, plaintiff, Elec Cazes, (“Mr.Cazes”) filed a petition for divorce from his wife, Cherie Cazes, (“Ms.Cazes”), who resided with him in the marital home in Lutcher, Louisiana within St. James Parish. Mr. Cazes’ petition for divorce included a request for a temporary re *706 straining order against Ms. Cazes, which the court granted. The temporary restraining order was served upon Ms. Cazes and she was subsequently required to leave the home, after being given several minutes to collect her belongings. Ms. Cazes and her three children then moved in with her mother in Laplace. Over the next few weeks, Ms. Cazes made several attempts to return to the home in order to collect clothing for her and her children with the assistance of police, pursuant to LSA-R.S. 46:2135, but was unsuccessful.
On July 28, 2001, Ms. Cazes placed a call to the St. James Sheriffs Office for an escort to her home to obtain clothing. The Sheriffs office advised Ms. Cases that no officers were available, but to wait for assistance. While waiting in a Gramercy parking lot, a police officer from the city of Gramercy, Derek Pertuis, approached Ms. Cazes where she was parked and asked her if she | ¿needed assistance. After advising Officer Pertuis of her situation, he contacted a dispatcher and obtained approval to escort Ms. Cazes to the home in Luteher. They were met at the residence by another Gramercy police officer, David Detillier.
Mr. Cazes was present when Ms. Cazes and the two officers arrived at the home. Upon entering the home, Mr. Cazes was instructed by Officer Pertuis to sit on the sofa while Ms. Cazes obtained the clothing. Officer Detillier remained outside. Approximately ten minutes later, Ms. Cazes and the officers left the residence.
On October 19, 2001, Mr. Cazes filed a Petition For Damages Under 42 U.S.C. Section 1983 and La. C.C. art. 2316 against Ms. Cazes, Derrick Pertuis, and David De-tillier, alleging that they had deprived him of his constitutional right to be free of unreasonable search and seizure under the Fourth Amendment of the U.S. Constitution.
On December 4, 2001, the trial court signed a judgment that dismissed Ms. Cazes from the instant suit, finding that 42 U.S.C. Section 1983 was not intended to protect against private trespass. On February 16, 2003, Pertuis and Detillier filed a Motion for Summary Judgment on the issue of their liability, which the trial court granted on April 1, 2002. Mr. Cazes timely filed the present appeal.
LAW AND ANALYSIS
In his first assignment of error, Cazes asserts that the trial court erred in concluding that the Fourth Amendment was not implicated by Officer Pertuis’ warrant-less entry into his home. In his second assignment of error, Cazes claims that the trial court erred in finding that his submission to the officers’ show of authority did not constitute a seizure of his person.
| oAppellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate un *707 der the circumstances of the case.[3] There must be a “genuine” or “triable” issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” A material fact is one that would matter on the trial of the merits.[5]
In State v. Edwards,[6] the Louisiana Supreme Court noted in regard to the fourth amendment:
The fourth amendment to the U.S. Constitution requires that searches and seizures must be reasonable. The purpose of this protection against unreasonable searches and seizures is to safeguard the privacy and security of individual citizens against arbitrary invasions by government authorities. Delaware v. Prouse, 440 U.S. 648, 653-54, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) (citing Marshall v. Barlow’s, Inc., 436 U.S. 307, 312, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), quoting Camara v. Municipal Court, 387 U.S. 523, 528, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967)).
|4In this case, Officers Pertuis and Detil-lier assisted Ms. Cazes in retrieving clothing and personal effects from the former marital home, pursuant to LSA-R.S. 46:2135(C), which provides:
During the existence of the temporary restraining order, a party shall have the right to return to the family residence once to recover his or her personal clothing and necessities, provided that the party is accompanied by a law enforcement officer to insure the protection and safety of the parties.
Mr. Cazes first contends, however, under 42 U.S.C. § 1983, that the alleged violation of his fourth amendment rights took place with the entry of Officer Pertuis into his home without a warrant, and that there was a “seizure” of his person when Officer Pertuis instructed him to sit on the sofa while Ms. Cazes gathered her belongings.
42 U.S.C. § 1983 provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...
In it’s Reasons For Judgment, the trial court explained:
[I]t is this Court’s opinion that the actions of the defendant Gramercy police officers did not rise to the level of a “search and seizure” under the Fourth Amendment as asserted by plaintiffs petition for damages. The facts, as supported by movant’s motion for summary judgment, show that the defendant police officers were in fact acting pursuant to LSA-R.S. 46:2135(0 ...
Even taking the facts alleged by plaintiffs as true, the Court finds the defendant officers in this matter did not conduct any search or seizure of Elec Cazes or his residence. Neither Officers Per-tuis or Detillier were conducting any *708 sort of police investigation of Elec Cazes with regards to the commission of any criminal offense nor were they attempting to seize evidence for any sort of criminal prosecution. Rather, it is apparent that the defendants were simply providing Cherie Cazes and her daughter with assistance in the recovery of personal items (clothing and necessities) with police supervision, as required by Louisiana law.
[BIn making its determination that Pertuis and Detillier were entitled to judgment as a matter of law in regard to Cazes claim under 42 U.S.C. § 1983, the trial court further noted that nothing in the record indicates that the officers threatened or touched Cazes or removed anything from his house; that the officers were on the premises for approximately ten minutes or less; and that the officers were dispatched by the St. James dispatcher and authorized by Gramercy Police policies to act and provide assistance to other parish agencies as they did in this matter.
After a review of the record, we cannot say that the trial court’s conclusion, that Mr. Cazes’ fourth amendment rights were not violated, as well as its decision to grant summary judgment on this issue, is erroneous. Accordingly, we also find no merit in Mr. Cazes’ second assignment of error, that the trial court erred in finding that his submission to the officers’ show of authority did not constitute a seizure of his person.
Cazes has also requested this court to review the record for all errors patent. Uniform Rules, Courts of Appeal, Rule 2-12.4 requires, however, that, “The brief of the appellant or relator shall set forth the jurisdiction of the court, a concise statement of the case, the action of the trial court thereon, a specification or assignment of alleged errors relied upon ...” [Emphasis added]. Accordingly, we decline to address any issues not specifically raised by Mr. Cazes on appeal.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir.12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.

. Id. at 1008.

. J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.

. 2000-1246 (La.6/1/01), 787 So.2d 981.